# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GREGORY C. SAMAN,<br><br>Plaintiff,<br><br>v.<br><br>IC SYSTEM, INC.<br><br>Defendant. | CASE NO. 4:21-cv-03392 |

## COMPLAINT

**NOW COMES** GREGORY C. SAMAN ("Plaintiff"), by and through his undersigned counsel, complaining of IC SYSTEM, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as Plaintiff is domiciled in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. GREGORY C. SAMAN ("Plaintiff") is a natural person over 18-years-of-age who, at all times relevant, resided in Richmond, Texas.

1

5. Defendant maintains a principal place of business at 444 Highway 96 E, Saint Paul Minnesota 55127.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of defaulted debt owed to others.

## FACTUAL ALLEGATIONS

7. In December 2020, Plaintiff received medical services from Hermann Hospital in Houston, Texas.

8. Following Plaintiff's hospital visit, Plaintiff paid the outstanding balance in part.

9. As a result of immense financial hardship, Plaintiff was unable to satisfy his financial obligation.

10. In September of 2021, Plaintiff viewed his credit report and found that Defendant was reporting seven collection accounts totaling a balance of $1,540.00 from the December 2020 Hermann Hospital visit ("subject debt").

11. Each delinquent account was reporting fractions of the subject debt owed from Plaintiff's medical services from December 2020.

12. Plaintiff became confused as to why Defendant would take the defaulted debt rendered from the singular visit at Hermann Hospital and divide the subject debt into seven delinquent accounts to negatively report to Plaintiff's credit.

13. The inaccurate and duplicate reporting of subject debts continues to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is delinquent on multiple subject debt, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

14. Defendant's reporting of multiple accounts from the singular visit that Plaintiff rendered from Hermann Hospital caused Plaintiff to be distressed as Defendant was intentionally reporting misleading information to one or more third parties in an effort to dragoon Plaintiff into making an immediate payment as his credit score had dropped over 200 points due to Defendant's materially misleading credit reporting of duplicate accounts.

15. At all times relevant, Defendant knew or should have known that reporting duplicate accounts on Plaintiff's credit reports was materially misleading and inaccurate but continued to do so at Plaintiff's expense.

## DAMAGES

16. Defendant's misguided collection activity has severely disrupted Plaintiff's daily life and general well-being.

17. Defendant's collection activities and erroneous credit reporting have caused Plaintiff actual harm, including but not limited to: frustrating Plaintiff's ability to refinance his mortgage loan, decreased credit score, emotional distress, and mental anguish.

18. Realizing that any further disputes of the subject debt would be futile, Plaintiff was forced to retain counsel to compel Defendant to cease its unlawful collection activity.

## COUNT I –
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

21. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(6).

22. Defendant violated 15 U.S.C. §1692e, e(2), e(8), and e(10) through its unlawful debt collection practices.

      **a.    Violations of FDCPA § 1692e**

23.    Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. Defendant erroneously indicated in its credit reporting that Plaintiff owed Defendant multiple debts when the subject debt being collected stems from a singular hospital visit.

24.    Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant reported seven fractions of singular subject debt on Plaintiff's credit reports. Defendant knew Plaintiff did not owe seven individual subject debts, but despite having actual knowledge, Defendant reported multiple accounts on Plaintiff's credit reports as an attempt to damage his credit worthiness and obtain immediate payment from Plaintiff.

25.    Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the subject debt to Plaintiff. Defendant knew or should have known that reporting a multiple accounts for a singular subject debt is false and material misleading but continued to do so at Plaintiff's expense.

26.    Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe he owed Defendant for multiple subject debts when Plaintiff only has one subject debt for the service rendered in December 2020.

27.    As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

**WHEREFORE** Plaintiff, GREGORY C. SAMAN, requests that this Honorable Court:

a. Declare that the practices complained of herein violate the Fair Debt Collection Practices Act;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations of the Fair Debt Collection Practices Act;

c. Award Plaintiff her reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 15, 2021                                     Respectfully Submitted,

/s/ *Marwan R. Daher*

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mdaher@sulaimanlaw.com